UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY M. P.,[1] <br> Plaintiff, <br> v. <br> COMMISSIONER OF SOCIAL SECURITY, <br> Defendant. | Case No. ED CV 18-00933 MWF (RAO) <br><br> ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, all of the other records and files herein, and the Report and Recommendation of United States Magistrate Judge ("Report") issued on February 27, 2019. The Court has further engaged in a *de novo* review of those portions of the Report to which the Commissioner has objected.

First, the Commissioner contends that the Administrative Law Judge ("ALJ") discussed the relevant regulatory factors for consideration of medical opinions. (Dkt. No. 24 at 2-3.) The Commissioner states that the ALJ considered the consistency of Dr. Gomer's opinion with the record, the nature and extent of his treating relationship

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

with Plaintiff, and his specialization. (*Id.* at 3.) Indeed, the ALJ noted that Dr. Gomer was Plaintiff's treating physician, and he provided her with medication. (AR 28-29.) The ALJ also noted that Dr. Gomer provided a letter dated November 6, 2014, a questionnaire dated March 3, 2015, and a questionnaire dated September 27, 2016. (AR 29.) Finally, the ALJ determined that Dr. Gomer's opinion was "inadequately supported by clinical findings." (*Id.*)

However, as stated in the Report, it is not clear that the ALJ considered all of the necessary factors. *See* Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *4 (the opinion "must be weighed using *all* of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927" (emphasis added)). Although the ALJ is not required to analyze each factor in detail, he must indicate that he has considered all of the relevant factors. *See Carbajal v. Berryhill*, No. EDCV 17-0970-AFM, 2018 WL 1517161, at *4 (C.D. Cal. Mar. 27, 2018) (collecting cases); *Clark v. Berryhill*, No. 3:16-CV-02854-BEN-AGS, 2018 WL 948489, at *2 (S.D. Cal. Feb. 20, 2018); *see also Kelly v. Berryhill*, 732 F. App'x 558, 562 n.4 (9th Cir. 2018) ("a cursory acknowledgment" of a physician as a "treating physician" does not indicate that the factors were properly considered). Here, the record reflects that Dr. Gomer specializes in internal medicine and treated Plaintiff once every one to five months from August 2013 through January 2015. (*See* AR 524, 557-78.) The ALJ did not indicate that he considered Dr. Gomer's specialization, frequency of examination, or length of treatment relationship. The ALJ's failure to properly consider all of the relevant factors when weighing a treating physician's opinion is reversible legal error and is not harmless. *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

Second, the Commissioner contends that the ALJ reasonably discounted Plaintiff's subjective complaints based on routine and conservative treatment. (Dkt. No. 24 at 3-4.) The Commissioner notes that the ALJ did acknowledge that Plaintiff was financially unable to take advantage of referrals to specialists. (*Id.* at 4.) Nevertheless, under these circumstances, the ALJ improperly faulted Plaintiff for not

seeking or receiving treatment from a specialist rather than from her general practitioner. (AR 28.) *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (conservative treatment "is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment" (citing *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007))); *see also Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995) ("Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds."); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (the Ninth Circuit "ha[s] proscribed the rejection of a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it" (citing *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996))).

The Commissioner also argues that, because Plaintiff was treated only with medications, it was reasonable for the ALJ to consider a lack of more aggressive treatment. (Dkt. No. 24 at 4.) However, "the fact that treatment may be routine or conservative is not a basis for finding subjective symptom testimony unreliable absent discussion of the additional, more aggressive treatment options the ALJ believes are available." *See Moon v. Colvin*, 139 F. Supp. 3d 1211, 1220 (D. Or. 2015) (citing *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010)). Here, no additional, more aggressive treatment was discussed, nor is it apparent from the record that any such treatment was available to Plaintiff. Thus, the ALJ improperly discredited Plaintiff's subjective complaints on this basis. *See Lapeirre-Gutt*, 382 F. App'x at 664 ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist.").

Accordingly, the Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

///

///

///

1 | IT IS ORDERED that the decision of the Commissioner of Social Security is
2 | reversed, and the matter is remanded for further administrative action.

DATED: July 17, 2019  _____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE